UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WINSTON WEBSTER (#467359)

VERSUS                                             CIVIL ACTION

LYNN COOPER, ET AL                                 NUMBER 07-601-JVP-SCR

**<u>NOTICE</u>**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, January 23, 2008.

             */s/ Stephen C. Riedlinger*
             STEPHEN C. RIEDLINGER
             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WINSTON WEBSTER (#467359)

VERSUS                                              CIVIL ACTION

LYNN COOPER, ET AL                                  NUMBER 07-601-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court on the petition of Winston Webster for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled guilty to one count of possession with intent to distribute marijuana in excess of 120 pounds in the Eighteenth Judicial District Court for the Parish of West Baton Rouge on March 5, 2002.  Petitioner did not return to court for sentencing.  After being extradited from Jamaica, the petitioner was sentenced on March 24, 2003.  Petitioner was sentenced to a 30 year term of imprisonment at hard labor in the custody of the Louisiana Department of Public Safety and Corrections.

Petitioner filed a pro se Motion to Reconsider Sentence on March 25, 2003.[1]  The trial court denied the motion on April 15, 2003.  Petitioner did not seek review by the state appellate

---

[1] Some of the state court documents do not have file stamps from the clerk of court's office.  For those documents, the dates in this report are the dates shown on the certificate of service, or the date of the state court's ruling, order or minute entry. A variance of a few days between the date of service and the filing date does not affect the recommended disposition of the petition.

courts.

Petitioner did not appeal his conviction or sentence.

Petitioner's Application for Post-Conviction Relief was filed in the trial court on December 30, 2003.  On April 13, 2004, through counsel, the petitioner also filed a Motion to Vacate Sentence and Re-Sentence Defendant, which was granted.  Petitioner was re-sentenced on June 2, 2004.  All other motions were denied.

On June 16, 2004 the petitioner sought review by the Louisiana First Circuit Court of Appeal from the denial of his application for post-conviction relief.  The court denied review.  *State of Louisiana ex rel. Winston M. Webster v. State of Louisiana*, 2004-1393 (La. App. 1st Cir. 9/7/04) (unpublished opinion).

Petitioner filed a Motion to Correct An Illegal Sentence in the trial court on March 7, 2005.  On November 2, 2005, the trial court denied the petitioner's motion.

Petitioner sought review by the First Circuit Court of Appeal.[2]  The First Circuit denied review on the showing made with leave to file a new application by April 7, 2006.  *State of Louisiana v. Winston Webster*, 2005-2494 (1st Cir. 2/13/06). Petitioner apparently filed a two applications which were not considered, one of which was not considered because it was

---

[2] The date the petitioner sought review cannot be determined from the state court records. However, the missing date does not affect the recommended disposition of the petition.

untimely.[3]  *State of Louisiana v. Winston Webster*, 2006-0531 and 2006-0583 (1st Cir. 6/13/06).

Petitioner sought review by the Louisiana Supreme Court on July 17, 2006.  The Louisiana Supreme Court denied review.  *State of Louisiana v. Winston M. Webster*, 2006-1772 (La. 4/20/07), 954 So.2d 150.

Petitioner signed his federal application for habeas corpus relief on August 16, 2007 and it was filed on August 20, 2007.

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules

---

[3] See note 2.

governing the time and place of filing.  *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final no later than May 15, 2003, which is 30 days after the trial court denied his motion to reconsider sentence on April 15, 2003.[4]  Between the date the petitioner's conviction became final and December 30, 2003, the date the petitioner filed his application for post conviction relief, 228 days of the limitations period elapsed.  Between September 7, 2004, the date the First Circuit Court of Appeal denied review and March 7, 2005, the date the petitioner filed a Motion to Correct Illegal Sentence, 180 days of the limitations period elapsed.

By the time the petitioner filed his Motion to Correct Illegal Sentence on March 7, 2005, the time limit to file a federal habeas corpus application had already elapsed.

---

[4] For the purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  A motion for appeal must be made no later than 30 days after the rendition of judgment or ruling or no later than 30 days from the ruling on a motion to reconsider sentence.  La.C.Cr.P. art. 914(B)(1) and (2).

4

Petitioner's federal habeas corpus application was not timely filed.[5]

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, January 23, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).